**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-2442
_____

JEFFREY PENNINGTON,

Plaintiff - Appellant,

v.

KERSHAW COUNTY, South Carolina; STATE OF SOUTH CAROLINA;
KESHAW COUNTY SOUTH CAROLINA DETENTION CENTER; PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION; LIEUTENANT MYERS; DARRELL
DRAKEFORD; JOHN DOES, 1-10; JACKSON; LAWSON; MCLEOD;
CORRECTIONAL OFFICER ALSTON; R. EUGENE HARTIS,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Joseph F. Anderson, Jr., District
Judge. (3:12-cv-01509-JFA-SVH)

_____

Submitted: March 26, 2013          Decided: March 28, 2013

_____

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Jeffrey Pennington, Appellant Pro Se. H. Thomas Morgan, Jr.,
John Kennedy DuBose, III, Jonathan McLean Robinson, DUBOSE-
ROBINSON, P.C., Camden, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Pennington seeks to appeal the district court's order adopting the magistrate judge's recommendation and denying relief on his requests for a temporary restraining order and preliminary injunctive relief. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). The portion of the district court's order denying a temporary restraining order is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss this aspect of the appeal for lack of jurisdiction.

The district court's denial of a request for a preliminary injunction, however, is immediately appealable. 28 U.S.C. § 1292(a)(1). Nevertheless, we dismiss this portion of the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely

2

filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on June 25, 2012. The notice of appeal was filed on November 19, 2012. Because Pennington failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss this portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED